# United States District Court
## Northern District of Indiana

| | | |
|---|---|---|
| DIEHL WOODWORKING MACHINERY, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-CV-263 JVB |
| | ) | |
| WISCONSIN AUTOMATED MACHINERY CORP., JAY EHRLICH, and DIMITRIS LOUKIDIS | ) ) ) | |
| | ) | |
| Defendants, et al. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Jay Ehrlich's motion for judgment on the pleadings against Plaintiff, Diehl Woodworking Machinery, Inc., and for dissolution of Diehl's interpleader action (DE 40); Diehl's motion to dismiss its interpleader action (DE 49); Ehrlich's motion to dismiss third-party Defendant Robert Rozman's counterclaim (DE 18); and Diehl's motion for an expedited ruling on the motion to dismiss the interpleader action (DE 76).

## A. Jurisdiction

This case was filed on August 2, 2006, in the Wabash Circuit Court as Case No. 85 C01-0608-PL-380. Defendants WAMCO and Ehrlich removed it to the District Court (Civil Action No. 3:06-CV-517) but it was remanded following a timely motion by Diehl because one of the defendants, Loukidis, had not consented to the removal. After Diehl filed an amended complaint and a supplemental complaint for interpleader against WAMCO, Ehrlich, and third-party defendant Robert Rozman, defendants WAMCO and Ehrlich again removed the action to federal district court, this time without objection.

Title 28 U.S.C. § 1332(a) gives district courts original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and all defendants are citizens of a state other than the state of which the plaintiff is a citizen. Diehl is an Indiana corporation with its principal place of business in Indiana. Defendant WAMCO is a Wisconsin corporation with its principal place of business in Chicago. Defendant Ehrlich is a citizen of Illinois. Defendant Loukidis is a citizen of Wisconsin. Accordingly, complete diversity exists between Diehl and the original defendants named in the Amended Complaint. Moreover, Diehl alleges damages in the amount of $174,000 in its Amended Complaint.

Title 28 U.S.C. § 1335 gives district courts original jurisdiction of any action for interpleader involving property with a value of $500 or more if any two claimants to the fund are of diverse citizenship as defined in 28 U.S.C. § 1332. With respect to the interpleader complaint, Rozman, named as a claimant to the fund, is a citizen of Indiana, but because the other alleged claimants, WAMCO and Ehrlich, are not citizens of Indiana, the minimal diversity requirements of § 1335 are satisfied.

Title 28 U. S. C. §1441(a) permits removal of civil actions over which district courts have original jurisdiction. As noted above, the Court here has original jurisdiction over all claims. However, §1446 governs the procedure for removal and has been interpreted to require the consent of all defendants. *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994). Nevertheless, consent of all defendants may be waived if not raised by a motion for remand filed within thirty days after the filing of the notice of removal pursuant to 28 U.S.C. § 1447(c). Defendant Loukidis did not consent to the removal but he did not object and no motion for remand was filed.[1] The

---

[1]A district court may not remand on its own motion for non-jurisdictional defects after this thirty-day period has expired. *See Matter of Continental Cas. Co.,* 29 F.3d 292, 295 (7th Cir. 1994)

2

Court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1335, and 1446.

**B. Summary of Pleadings**

The Court should have before it the complete record of all proceedings in this case, including all pleadings and papers that were filed in the Wabash County case and in the district court under Civil Action No. 3:06-CV-517 after the first removal. It does not. The Court has only a partially legible copy of the Memorandum of Agreement (MOA) which is at the center of the dispute. Diehl suggests that some of the issues currently before the Court were considered and decided by the Wabash Circuit judge in an order denying a motion to dismiss issued before the second removal (*See* DE 49, at 2, n.1) but the court's order is not to be found. Additionally, despite representations that the Wabash Circuit Judge ruled that the MOA was not subject to arbitration, the parties allowed at least some of the issues to be heard and decided by an arbitrator, whose decision WAMCO appealed. The parties have not advised the Court of the status of the arbitration and what effect it may have on the instant litigation.[2] **(1) Diehl Woodworking Machinery Amended Complaint**

---

[2]The document filed as Docket Entry 15, which appears to be a copy of the Wabash Circuit Court Docket, indicates that a motion to dismiss the action or to compel arbitration filed by the defendants was denied by the Circuit Court on January 16, 2007. However, neither the motion, the briefs, nor the order appear on this Court's docket. The Clerk's office has informed the Court that, despite the fact that Docket Entry 15 had stated that the state court record was received and would be maintained as a paper file, no such paper file was received. The Clerk revised the entry on August 13, 2008, to remove the reference to a paper file. WAMCO filed a demand for arbitration on December 20, 2006 (*See* DE 68). Diehl filed a motion in this Court on May 11, 2007, to stay the arbitration proceedings (DE 11), and on June 18, 2007, requested a hearing on the motion to stay (DE 22), representing that despite his knowledge of a Circuit Court ruling that the management fee issue was not subject to arbitration, the arbitrator had announced at a preliminary hearing that he would permit WAMCO to arbitrate that issue at a hearing scheduled for August 13, 2007. Magistrate Judge Nuechterlein scheduled a hearing on the stay motion for August 16, 2007. However, on August 15, 2007, Diehl withdrew the motion, representing that the arbitration hearing had taken place on August 13, 2007. On December 4, 2007, WAMCO filed a motion in the District Court for the Northern District of Illinois to vacate the arbitration award. *See* DE 68.

Diehl bases Count I of its Amended Complaint against WAMCO, Ehrlich, and Loukidis on a provision in the August 2005 Memorandum of Agreement between it and WAMCO, regarding management consulting and services WAMCO would provide to Diehl for a monthly management fee:

> [F]rom time to time said management fee might be reconsidered and reduced, increased, eliminate and/or reinstated by mutual agreement of the parties as Diehl's business conditions require, and WAMCO shall only be responsible to provide consulting services that are consistent with the then current level of such management fee.

Diehl alleges that WAMCO has provided no management consulting services under the Agreement and that Diehl's business conditions require the elimination of the management fee, but that WAMCO has refused to eliminate the fee. Diehl requests a judgment declaring that it has no obligation to pay the monthly management fee.[3]

In Count II Diehl alleges that defendants Ehrlich and Loukidis were shareholders and directors of Diehl as well as shareholders of WAMCO, together owning a controlling share of WAMCO. Diehl alleges that as Diehl shareholders they breached their fiduciary duties to Diehl by refusing to permit the termination of the monthly management fee.

**(2) Ehrlich-Rozman Pleadings**

Ehrlich filed a third-party complaint against Robert F. Rozman (DE 8), alleging that Rozman is a shareholder in both the Diehl and WAMCO, having purchased his stock from Loukidis, and claiming that if Diehl should take a judgment against Ehrlich, Ehrlich would be entitled to contribution from Rozman.

---

[3]The arbitrator seems to have declared the entire management fee provision invalid. *See* DE 64, Ex. A.

Rozman answered and filed a counter-claim against Ehrlich alleging that Ehrlich, as the

majority shareholder in WAMCO, owed a fiduciary duty to WAMCO and Rozman, a minority

shareholder, which he had breached by diverting corporate assets, including all payments from

Diehl to WAMCO, for his own personal use and by paying himself fees which were actually

dividends (DE 9). Ehrlich filed a motion to dismiss Rozman's counterclaim on the grounds that

Rozman lacks standing to assert the claim as a shareholder and that he failed to state a shareholder

derivative claim under Wisconsin law (DE 18).

**(3) WAMCO's Counterclaim**

Defendant WAMCO answered Diehl's Amended Complaint (DE 5), incorporating by

reference the counterclaim it had appended to its answer to the original complaint (DE 2).

WAMCO alleged in its counterclaim that in September 2002 Diehl and WAMCO entered into an

Asset Purchase Agreement (APA) whereby Diehl purchased certain product lines and properties

from WAMCO. As part of the APA, the parties agreed that Diehl would pay WAMCO $15,000

per month for management services. Diehl paid the fee until 2004, when Diehl experienced

business difficulties and the parties ultimately executed the Memorandum of Agreement to reduce

the monthly management fees to $10,000. In Count I of the counterclaim WAMCO asserts that

the APA requires arbitration of the management fee dispute, and requests a stay pending

arbitration. In Count II, WAMCO claims, in the alternative to its claim that the dispute is subject

to arbitration, that the MOA is void for want of consideration.

In Count III WAMCO claims damages for breach of the APA as modified by the MOA. In

Count IV WAMCO seeks to compel arbitration on the acceleration of the balance due on a

promissory note executed by Diehl in connection with the APA, but alternatively asserts the claim

for acceleration in its counterclaim as well.

**(4) Diehl's Interpleader**

On May 29, 2007, Diehl filed its Supplemental Complaint for Interpleader (DE 12), asserting that a dispute exists between WAMCO shareholders Ehrlich and Rozman as to who is the proper recipient of any funds it owes to WAMCO under the APA and requesting an order that it be directed to deposit all funds due to WAMCO with the clerk of the Court, and that Ehrlich and Rozman be required to litigate the ownership of the funds between themselves. In its answer to the interpleader complaint (DE 23) WAMCO asserts that any dispute between WAMCO's shareholders does not affect Diehl's obligations to WAMCO, among other things. In his answer (DE 24), Ehrlich claims that Diehl faces no risk of multiple liability if it pays WAMCO. The Docket reflects that Diehl deposited $10,000 into court on July 3, August 3, and September 4, 2007 (DE 42, 56, and 62).

On July 9, 2007, Ehrlich filed a motion for judgment on the pleadings as to all Diehl's claims against him and for a dissolution of the interpleader action (DE 40). On October 31, 2007, Diehl filed its own motion to dismiss the interpleader action and for return of the funds it had deposited (DE 64), on the grounds that an arbitrator had ordered it to pay WAMCO $50,000 on the promissory note it had executed as part of the APA, which Diehl had in fact paid to WAMCO, and that WAMCO had agreed to the release of the funds, but had refused to enter into a stipulation for the dismissal of the interpleader action and release of funds. Ehrlich and WAMCO responded by stating that they do not object to the dismissal of the complaint for interpleader so long as the dismissal is with prejudice, but that they do object to the return of the funds to Diehl (DE 68).

**C. Analysis**

**(1) Ehrlich's Motion for Judgment on the Pleadings**

Ehrlich has moved for judgment on the pleadings with respect to Diehl's amended complaint under Federal Rule of Civil Procedure 12(c), which permits such a motion after the pleadings are closed.[4] A motion for judgment on the pleadings is tested by the same standard applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), but must include sufficient factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

Ehrlich maintains that he is entitled to judgment on the pleadings because the gist of Diehl's amended complaint is that Ehrlich, as a shareholder of Diehl, did not make WAMCO do what Diehl wanted: to permit elimination of the monthly management fee. He urges that this position is legally insupportable because shareholders of one corporation have no right or power to cause a separate corporation to act. When Diehl counters that it is alleging that Ehrlich breached his duty as a shareholder of Diehl by the manner in which he caused WAMCO to act toward Diehl, Ehrlich replies that in controlling WAMCO he acted solely in his capacity as a director and officer of WAMCO, implying that when WAMCO deals with Diehl, Ehrlich's duties as an officer and director of WAMCO trump any duty he might owe to Diehl as a shareholder in that closely held corporation, but without providing any authority for this position. The Court is not convinced that Ehrlich's dual roles can be so compartmentalized as Ehrlich insists. The Court

---

[4]Ehrlich's motion was also addressed to Loukidis's cross-claim against him (DE 21). However, the Court granted Loukidis' motion to dismiss the claim on January 14, 2008 (DE 71).

concludes that Diehl's Amended Complaint states a claim against Ehrlich under Federal Rule of Procedure 12(b)(6) sufficient to raise Diehl's right to relief above the speculative level.

**(2) Interpleader Action**

Diehl filed a supplemental interpleader complaint, which Ehrlich and WAMCO sought to dissolve by motion. Rozman did not respond to the interpleader complaint and neither Ehrlich nor Rozman, the supposed competing claimants, has asserted a claim to the deposited funds. Diehl then filed its own motion to dismiss the interpleader. Neither defendants Ehrlich and WAMCO nor any other party objected to Diehl's motion, but Ehrlich has objected to the release of the funds to Diehl, without citing any authority which would sanction retention of the funds. Because all interested parties have either affirmatively sought or failed to object to the dismissal of the interpleader action, the Court determines that it should be dismissed. Because Ehrlich has failed to convince the Court that it has any authority to dismiss the interpleader action without releasing the fund, the Court determines that all funds deposited by Diehl should be returned.

**(3) Ehrlich Motion to Dismiss Rozman Counterclaim**

Ehrlich maintains, and Rozman does not dispute, that Rozman's counterclaim against Ehrlich is governed by Wisconsin substantive law. Ehrlich asserts that Rozman's counterclaim should be dismissed for want of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Rozman lacks standing, and under 12(b)(6) for failure to state a claim. Rozman complains that Ehrlich breached his fiduciary duty to both Rozman and WAMCO by diverting corporate assets, including payments Diehl made to WAMCO, and using them for his own personal use and by paying fees to himself which should have been distributed to all

8

shareholders as dividends.  Ehrlich maintains that a shareholder has no standing to assert such a claim in his individual capacity or on behalf of the corporation, relying on *Reget v. Paige*, 626 N.W. 2d 302, 310 (Wisc. Ct.  App. 2001), for the proposition that claims for breach of fiduciary duty belong to the corporate entity and not to any individual shareholder.  Rozman counters that *Jorgensen v. Waterworks, Inc.,* 582 N.W.2d 98 (Wis. Ct. App. 1998), authorizes a minority shareholder in a closely held corporation to bring a direct action alleging that the majority shareholders breached their fiduciary duty by paying themselves dividends.  Ehrlich claims that *Jorgensen* does not support Rozman because the court noted that corporate waste claims belong solely to the corporation, while *only* claims involving unequal payment of dividends belong to the individual shareholder.  Ehrlich is apparently arguing that if the same conduct can be construed as both corporate waste (a claim belonging to the corporation)and unequal payment of dividends (an individual claim) the Court is obliged to treat the claim as one belonging to the corporation.  However, *Reget* itself recognized that the same conduct could provide the basis for both a claim belonging to the corporation and an individual claim.

In *Reget* the Wisconsin court construed the plaintiff's complaint as alleging claims for breach of fiduciary duty that (1) the officers, directors, shareholders and corporation did not maintain a market for the corporation's shares; (2) the corporation did not offer the plaintiff a fair price for his shares; (3) individual shareholders and the corporation refused to buy his shares at what he considered a fair price; (4) instead of paying dividends, the corporation bought other companies with its profits; (5) the corporation wasted corporate funds by paying five members of the founding family substantial compensation, including salaries, bouses, profit sharing contributions, and other benefits; and (6) the payments made to five employees were payments in lieu of dividends. *Id.* at 308.  The court dismissed the first five claims for failure to state claims

for a breach of fiduciary duty by any defendant, holding, *inter alia*, that the claim that payment of excess compensation wasted corporate assets alleged an injury primarily to the corporation. However, with respect to the plaintiff's claim against the directors that the compensation awarded to five founding family members was excessively high and amounted to a dividend, the court found that plaintiff had stated an individual claim, but went on to grant summary judgment on the basis of the business judgment rule. *Id.* at 309 – 310.

Ehrlich's assertion that Rozman's counterclaim fails to state a claim under the standards of Federal Rule of Civil Procedure 12(b)(6) is based entirely on the premise that his only claim is a derivative claim and that he has not complied with the requirements of the Wisconsin statutes governing such an action. Rozman has apparently conceded that he has not properly alleged a derivative claim under Wisconsin law, having failed to address this argument in his response brief.

The Court believes that Rozman's counterclaim can be fairly read to allege both a claim for corporate waste belonging to WAMCO and an individual claim for unequal payment of dividends, which may be brought individually under the authority of *Reget* and *Jorgensen*. Accordingly, the Court dismisses any claims Rozman is attempting to assert on behalf of WAMCO for waste of corporate assets for lack of standing, but finds that he has standing to assert an individual claim against Ehrlich for unequal payment of dividends.

**D. Conclusion**

For the foregoing reasons Diehl's motion to dismiss its Interpleader action (DE 64) is **GRANTED.** All funds deposited with the Court shall be returned to the Plaintiff, Diehl Woodworking Machinery, Inc. Defendant Ehrlich's motion to dismiss Rozman's third party complaint (DE 18) is **DENIED**. Defendant Ehrlich's motion to dissolve the interpleader (DE 40)

is **DENIED** as moot; his motion for judgment on the pleadings (DE 40) is **DENIED**. Diehl's

motion requesting the Court to expedite its ruling on Diehl's motion to dismiss the interpleader

action (DE 76) is **DENIED** as moot.

Pursuant to 28 U.S.C. § 1447(b), removing defendants Diehl and WAMCO shall cause the

entire record of this case to be filed with the Clerk of the Court under this Civil Action No. 3:07-

CV-263, including all filings in Wabash Circuit Court Case No. 85 C01-0608-PL-380 and Civil

Action No. 3:06-CV-517. The Plaintiff shall file a legible copy of the Memorandum of

Agreement between Diehl and WAMCO, Exhibit A to its Amended Complaint.

SO ORDERED on September 18, 2008.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division
